UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

MARION MAUREEN TOOLE,                          6:12-CV-0355-TC

                Plaintiff,

      v.                                 FINDINGS and RECOMMENDATION

BEKINS MOVING SERVICE, CROSS
TOWN MOVING CENTERS AND BEKINS
VAN LINES, LLC,

                Defendants.

COFFIN, Magistrate Judge:

## INTRODUCTION

Pro se plaintiff brings several claims in this action arising from defendants' interstate transportation of her household goods. Plaintiff alleges lengthy facts and numerous state law causes of action. These include breach of contract, non-economic damages which relate to negligence or other tort claims, broken trust, deliberate deceit, unjust enrichment, wanton negligence and reckless disregard.

Page 1 - FINDINGS and RECOMMENDATION

Defendants removed the action from state court to this court by asserting that plaintiff alleged a claim pursuant to 49 U.S.C. Section 14706, the Carmack Amendment. P. 2 of Notice of Removal (#1). Defendants now seek to dismiss the Complaint with prejudice by arguing that plaintiff's Complaint makes no mention of the Carmack Amendment and contains only state law claims that are preempted by the Carmack Amendment.

## Standards

The Federal Rules of Civil Procedure provide for dismissal for "failure to state a claim upon which relief can be granted. " Fed. R. Civ. P. 12 (b)(6). In considering a motion to dismiss made pursuant to 12(b)(6), the court views well pleaded factual allegations as true, but also requires the complaint to contain enough facts to state a claim that is plausible on its face. Bell Atlantic v. Twombly, 127 S.Ct. 1955 (2007) (concluding that prior review standard —affirming dismissal only when it appears beyond doubt that plaintiffs can prove "no set of facts" in support of their claim that would entitle them to relief— "has earned its retirement.")

The requirements for pleading a federal claim in federal court were recently set forth in Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009):

> As the Court held in Twombly, 127 S.Ct. 1955, the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.... To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

Id. at 1949.

## DISCUSSION

Defendants have cited persuasive support for the proposition that the state law claims asserted in plaintiff's complaint are preempted by the Carmack Amendment. See Hughes Aricraft Co. v. North American Van Lines, Inc., 970 F.2d 609 (9th Cir. 1992); Smallwood v. Allied Van Lines, Inc., 660 F.3d 1115 (9th Cir. 2011). However, defendants seek the dismissal of plaintiff's entire Complaint with prejudice. Defendants do not provide a factual or legal argument in support of a dismissal with prejudice.

Pro se plaintiff expressly requested in her Complaint that plaintiff "should be granted leave to amend and further research to familiarize herself with any other rights plaintiff may be entitled to or amend any other rights alleged and pleaded herein." P. 15 of Exh. A to Notice of Removal (#1). She also seeks to amend in her opposition to the Motion to Dismiss. Such request is granted as it is reasonable in the circumstances of this case.

## CONCLUSION

Defendant's Motion (#5) to Dismiss should be granted to the extent the Complaint should be dismissed without prejudice to file a new complaint within 30 days that asserts claims pursuant to the Carmack Amendment.

DATED this 13 day of June, 2012.

THOMAS M. COFFIN
United States Magistrate Judge